

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**FILED**

APR 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

April 3, 2007

Carlos Vanegas, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
fax copy also to 208-7515 (this page followed by 11 additional pages)

Re:  United States of America v. James M. Frye
     07-cr-73 (D.D.C.)

     United States of America v. James M. Frye
     2006-CF2-14962 (D.C. Super. Ct.)

Dear Counsel:

　　This letter sets forth the full and complete plea offer to your client, James M. Frye, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This plea offer will expire on April 10, 2007.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

　　**Charges and Statutory Penalties**

　　1.  Your client agrees to plead guilty to the sole count of the indictment against him in 07-cr-73, i.e., to possession with intent to distribute 100 grams or more of a mixture and substance containing PCP, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iv).  Your client agrees and will acknowledge at the time of the guilty plea in case number 07-cr-73 that, pursuant to section 1B1.3 of the U.S. Sentencing Guidelines (hereinafter

U.S.S.G.), he is accountable for a total of 304.3 grams of a mixture or substance containing PCP, which quantity represents the total amount of the mixture and substance containing PCP involved in your client's relevant criminal conduct in this case.

    2.  Your client understands that pursuant to 18 U.S.C. §§ 3013(a), 3559(a), and 3583(a) and (b), and 21 U.S.C. § 841(b), the offense to which he would plead guilty in case number 07-cr-73 carries a mandatory minimum a maximum prison term of 40 years, a mandatory minimum period of supervised release of four years, a maximum period of supervised release of five years, a maximum fine of $2 million, and a special assessment of $100.  There is also an obligation to pay applicable interest and penalties on fines and assessments not timely paid.  Pursuant to 21 U.S.C. § 841, the offense in this case also generally carries a mandatory minimum prison term of five years.  However, your client may be eligible for the "safety valve" exception to that mandatory minimum, pursuant to 18 U.S.C. § 3553(f), in which case there is no statutory mandatory minimum term of imprisonment.

    3.  In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this office for the conduct set forth in the attached Statement of Offense.  In addition, the government will meet with your client, prior to sentencing in case number 07-cr-73, to afford him an opportunity to qualify for the "safety valve" provision of 18 U.S.C. § 3553(f).  Please note that the government believes at this time that your client's criminal history and offense conduct in this case make him eligible for the benefits of that provision, but the government makes no promises as to whether it will ultimately recommend to the court that your client receive such benefits.

    This plea offer is conditioned on your client either (1) entering a signed, written plea agreement with the government in United States v. James M. Frye, 2006-CF2-14962 (D.C. Super. Ct.), pursuant to which he agrees to plead guilty to misdemeanor possession of cocaine, in violation of D.C. Code § 48-904.01(d), as a lesser included offense to the offense charged in the indictment in that case, or (2) entry of a plea of guilty in that case to the offense charged in the indictment.

    **Factual Stipulations**

    4.  With respect to case number 07-cr-73, your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty.  It is

anticipated that prior to or during the plea hearing in that case, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that the sentence in case number 07-cr-73 will be determined by the court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission. Pursuant to rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and to assist the Court in determining the appropriate sentence in that case, the parties stipulate to the following:

**Offense Level Under the Guidelines**

The parties agree that the base offense level is 26, pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(7).

**Acceptance of Responsibility:   three-point reduction**

Assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a two-level downward adjustment would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the government agrees that an additional one-level downward adjustment would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

**Safety-valve Provision:   two-point reduction**

Assuming your client qualifies for the statutory safety valve exception to the statutory mandatory minimum prison term, as described in 18 U.S.C. § 3553(f), the parties agrees that an additional two-level downward Sentencing Guidelines adjustment is appropriate pursuant to U.S.S.G. § 2D1.1(b)(9).

### Guideline Departures

6. With respect to case number 07-cr-73, the parties agree that under the Sentencing Guidelines neither a downward nor an

upward departure from the applicable Guidelines Range of imprisonment is warranted. Accordingly, with respect to that range, neither party will seek such a departure nor seek any adjustment not described herein, except for adjustments as provided in paragraph 8 below. Nor will either party suggest that the court consider such a departure or adjustment, except for adjustments as provided in paragraph 8 below.

### Agreement as to Sentencing Allocution

7. With respect to case number 07-cr-73, the parties further agree that a sentence within the applicable Guidelines Range of imprisonment established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth 18 U.S.C. § 3553(a). In addition, neither party will seek a sentence outside of the applicable Guidelines Range of imprisonment in that case, or suggest that the court consider a sentence outside that Guidelines Range. With respect to this case, the government agrees to recommend a sentence at the low end of the applicable guideline range of imprisonment. Nothing in this Agreement limits the right of your client to make any argument regarding where within the applicable Sentencing Guidelines ranges he should be sentenced in this case.

8. With respect to case number 07-cr-73, nothing in this Agreement limits the right of the government to seek denial of the adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice under U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (a) engaged in conduct, unknown to the government at the time of the signing of this Agreement, that constitutes obstruction of justice or (b) engaged in additional criminal conduct after signing this Agreement. Furthermore, nothing in this Agreement limits the right of the government to argue to the court that your client is not eligible for the benefits of the statutory safety valve provision of 18 U.S.C. § 3553(f), and/or the sentencing guidelines safety valve adjustment in U.S.S.G. § 2D1.1(b)(9).

9. In addition, the government reserves its right to ask that the sentence in this case run consecutive to any sentence imposed in 2006-CF2-14962, and also reserves its right to full allocution in any post-sentence litigation in order to defend the court's ultimate sentencing decision in 07-cr-73. In addition, your client further understands that the government retains its

full right of allocution in connection with any post-sentence motion that may be filed in this matter and/or any proceeding before the Bureau of Prisons. Further, with respect to case number 07-cr-73, your client acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), or any post-sentence downward departure motion pursuant to rule 35(b) of the Federal Rules of Criminal Procedure.

### Courts Not Bound by the Plea Agreement

10. With respect to case number 07-cr-73, it is understood that pursuant to rule 11(c)(1)(B) and (3)(B) of the Federal Rules of Criminal Procedure, the court is not bound by the above provisions either as to questions of fact or as to the parties' determination of the applicable Guidelines range of imprisonment, or other sentencing issues. With respect to that case, in the event that the court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Sentencing Guidelines ranges based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), both parties reserve the right to answer any related inquiries from the court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

13. It is understood that the sentences to be imposed upon your client are determined solely by the courts. With respect to case number 07-cr-73, it is understood that the Sentencing Guidelines are not binding on the court. Your client acknowledges that your client's entry of guilty pleas in both cases authorizes the sentencing courts to impose any sentence, up to and including the statutory maximum sentences, which may be ordered to run consecutively, and which, with respect to case number 07-cr-73, may be greater than the applicable Guidelines ranges. The government cannot, and does not, make any promise or representation as to what sentences your client will receive. Moreover, it is understood that your client will have no right to withdraw either plea of guilty should the court in case number 07-cr-73 impose a sentence outside the Guidelines ranges.

### Forfeiture

14. Your client agrees to the administrative forfeiture of $12,395 in U.S. currency, seized during his arrest on February 19, 2007, which currency represents the proceeds of drug trafficking activity.

### Release/Detention

15. Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in 076-cr-73 that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in that case.

### Breach of Agreement

16. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the court in case number 07-cr-73, pursuant to rule 11 of the Federal Rules of Criminal Procedure.

17. With respect to case number 07-cr-73, your client acknowledges discussing with you rule 11(f) of the Federal Rules of Criminal Procedure 11(f) and rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules.

18. Your client understands and agrees that the government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

19. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

20. It is further agreed that should the conviction following your client's plea of guilty in 07-cr-73, pursuant to this Agreement, be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

21. By entering the plea of guilty in case number 07-cr-73, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

22. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense

counsel, and an Assistant United States Attorney for the District of Columbia.

23. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

24. If the foregoing terms and conditions are satisfactory, you and your client may so indicate by signing the Agreement in the spaces indicated below. Once signed, please return the original to me and keep a copy for yourself.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

by: Michael C. Liebman
Assistant United States Attorney
353-2385

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Carlos Vanegas, Esquire, Assistant Federal Public Defender. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 4/9/07

_____
James M. Frye, defendant

## ATTORNEYS' ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 4/9/07

_____
Carlos Vanegas, Esquire
Assistant Federal Public Defender
Attorney for defendant James M. Frye