UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 07-73 (JDB) |
| | : |
| v. | : |
| | : |
| JAMES M. FRYE, | : |
| | : |
| Defendant. | : |
| _____ | : |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 40 months of imprisonment, followed by five years of supervised release. In support thereof, the United States respectfully states the following:

Background

1.     On February 19, 2007, at approximately 1:55 p.m., a Metropolitan Police Department officer observed James M. Frye (the "defendant"), seated in the driver's seat of a stationary Chevrolet Caprice in the 2300 block of Martin Luther King Jr. Avenue, SE. The officer observed the defendant counting a large amount of U.S. currency. The defendant was alone in the vehicle. Officers immediately approached the vehicle in a marked police car, and noticed that the vehicle's engine was running, and that the defendant was not wearing a safety belt.

2.	As they approached the vehicle, the officers saw the defendant stuff an object or objects into the side pocket of the driver's side door.  The defendant then opened the door.  As he did so, officers detected a strong odor of PCP emitting from the vehicle.  The defendant was stopped upon his attempt to exit the vehicle.  When asked to present his operator's license, he attempted to push the officer aside.  The defendant was arrested.

3.	During a search incident to arrest, officers recovered a small vial of PCP from the pocket of the driver's side door, four empty vials containing residual amounts of PCP and $12,395 in U.S. currency from the defendant's jacket, and two large green bottles, a plastic container and five vials – all containing PCP – from the trunk of the vehicle.  The officers recovered a total of 304.3 grams of mixture and substance containing PCP incident to arrest.

4.	On March 20, 2007, the defendant was charged in a single-count indictment with Unlawful Possession with Intent to Distribute 100 grams or More of Phencyclidine, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B)(iv).

5.	To his credit, the defendant accepted responsibility for his conduct at an early stage in these proceedings.  On April 27, 2007, the defendant pled guilty to the indictment pursuant to the United States' plea offer.  Under the plea agreement, the defendant agreed to accept responsibility for possessing with the intent to distribute 304.3 grams of PCP.  The defendant acknowledged the applicable statutory penalties associated with this charge, including the applicability of a statutorily required minimum of 10 years imprisonment.  Additionally, the defendant agreed to plead guilty to possession of cocaine in D.C. Superior Court case 2006CF214962, and to forfeit the $12,395 in U.S. currency seized during his arrest as the proceeds of drug trafficking activity.  The United States agreed not to further prosecute the

defendant for conduct in the Statement of Offense, and acknowledged that the defendant may be eligible for the safety valve exception to the mandatory minimum term of imprisonment associated with this conviction. The United States also agreed to recommend a three-level downward adjustment for acceptance of responsibility, as set forth in § 3E1.1(a) and (b) of the the United States Sentencing Commission, <u>Guidelines Manual</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G").

Statutory Penalties

6. Pursuant to Title 21 United States Code, Section 841(a)(1) and (b)(1)(B)(iv), the charge contained in the indictment carries a penalty of a term of imprisonment which may not be less than ten (10) years and not more than life, a fine not to exceed $4,000,000.00, and a term of supervised release of at least five (5) years. In addition, the defendant must pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia.

Sentencing Guidelines

7. Under the Sentencing Guidelines, based on the information set forth in the Presentence Investigation Report ("PSR"), the defendant's base offense level is 26. U.S.S.G. §2D1.1(a)(3)and (c)(7). Also, based on the information in the PSR, the defendant appears to qualify for the safety valve exception to the mandatory minimum term of imprisonment associated with this conviction, resulting in a two-level downward adjustment. U.S.S.G. §§ 5C1.2 and 2D1.1(b)(9). Moreover, the United States recommends an additional three-level downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1(b). Based on the information in the PSR, then, and assuming the above adjustments are accepted by the court, the

defendant's total offense level is 21. The defendant's criminal history score is one, placing him in criminal history Category I. U.S.S.G. Chapter 5, Part A. Accordingly, the defendant's applicable guideline range of incarceration is 37 to 46 months of imprisonment. U.S.S.G. Chapter 5, Part A. The Sentencing Guidelines also provide for a period of supervised release of at least three years, but not more than five years. U.S.S.G. §5D1.2(a)(1). The fine range under the Sentencing Guidelines is $7,500 to $4,000,000. U.S.S.G. §5E1.2(c)(4).

Sentencing Recommendation

8. The government recommends that the defendant be sentenced to 40 months incarceration, followed by five years of supervised release. The government's recommendation, which falls within the low to middle portion of the defendant's applicable Sentencing Guidelines range, is reasonable. In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the Sentencing Guidelines violates the Sixth Amendment. The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Sentencing Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Sentencing Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described therein. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

9. In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In fact, as the Supreme Court recently recognized, the sentencing court – when it considers the appropriate sentencing factors under 18 U.S.C. Section 3553(a) – and the Sentencing Guidelines "both carry out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." Rita v. United States, 551 U.S. ---, No. 06-5754, slip op. at 9 (June 21, 2007). As a result, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve §3553(a)'s objectives." Id. at 11. Moreover, a Guidelines sentence also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences. A sentence of 40 months incarceration, within the defendant's Sentencing Guidelines range, satisfies this goal.

10. A sentence within the Sentencing Guidelines range is also appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal history and his conduct during the commission of the crime here. Indeed, the recommended sentence of 40 months imprisonment is supported by the factors to be considered by sentencing courts as articulated in 18 U.S.C. Section 3553(a). That provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the

offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant.  Id.

      11.      The defendant's conduct in this case warrants a sentence such the recommended one that reflects the seriousness of the offense and the threat the defendant poses to the community.  Indeed, the defendant possessed over 300 grams of PCP with the intent to distribute it, and was caught with over $12,000 in U.S. currency.  This amount of PCP is over three times the quantity that a defendant is required to possess to be guilty of the instant offense.  It is without question that PCP distribution has had devastating affects on the community, based on the violent behavior it causes in individuals under its influence, and the inherent violence that comes from the drug trafficking business.

      12.      A sentence of 40 months incarceration also furthers the goals of deterrence and protecting the community from these types of crimes.  The defendant is clearly a danger to the community.  Indeed, the business of distribution of drugs is an inherently dangerous activity, subjecting the community to the proliferation of and use of dangerous weapons.  See e.g., United States v. Jenkins, 928 F.2d 1175, 1180 (1991) (D.C. Cir. 1991) (permitting government's expert to testify that those who deal drugs typically keep firearms for protection, reasoning that "[w]eapons are, in short, tools of the trade," and admitting ammunition as 404(b) evidence).  Early release of the defendant would subject the community to further risk of narcotics distribution and potential violence and would signal to the community that these crimes do not carry serious penal consequences.  The government's recommended sentence accomplishes the goal of protecting the community from the commission of further drug distribution by the defendant himself, as well as serving the goal of deterring other individuals in the community

from committing these types of offenses.

      13.    Finally, none of the factors enumerated in 18 U.S.C. § 3553(a) suggest an appropriate reason or extraordinary circumstance for the Court to depart from the recommended range or to impose a non-guidelines sentence.

      WHEREFORE, based upon the above, and the information reflected in the presentence report, the United States respectfully recommends a sentence of a period of 40 months of incarceration, followed by a five year period of supervised release.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____/s/_____
TIMOTHY J. KELLY
ASSISTANT U.S. ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served upon counsel of record for the defendant, Carlos Vanegas, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this 11th day of July, 2007.

                                              /s/
                                    TIMOTHY J. KELLY