UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 07-   (JDB) |
| v. | ) ) ) | |
| JAMES FRYE | ) ) ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant James Frye, through undersigned counsel, respectfully submits his Memorandum in Aid of Sentencing.

**Procedural History**

Defendant James Frye will appear before the Court on Friday, July 20, 2007 for his Sentencing Hearing.  On April 27, 2007, Mr. Frye entered a guilty plea to the one count indictment charging him with Unlawful Possession with Intent to Distribute 100 Grams or more of Phencyclidine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iv).  The indictment charged that Mr. Frye committed the offense on February 19, 2007.

Pursuant to the conviction Mr. Frye faces a mandatory minimum sentence of ten years of incarceration and a maximum term of life imprisonment.  Mr. Frye is subject to a fine of four million dollars and a term of supervised release of at least five years.  In her Pre-Sentence Investigation Report (the "PSR") Probation Officer Kelli Griffin Cave calculated a sentencing guideline range of 37 to 46 months pursuant to the advisory United States Sentencing Guidelines.  The range is based on a final Base Offense Level 21 and a Criminal History Category I.  Mr. Frye is not subject to the

1

mandatory minimum sentence because he is eligible for a departure pursuant to the "safety valve." See 18 U.S.C. § 3553(f);  U.S. S. G.§ 5C1.2 (a); PSR ¶ 17

**Factual Background**

Mr. Frye was arrested on February 19, 2007.  Mr. Frye drew the attention of a police officer that observed Mr. Frye counting what appeared to be a substantial amount of money while he was seated in a parked car.  When the officer proceeded to investigate, he noticed that Mr. Frye was attempting to hide something in the interior side pocket of the car door.  When the officer reached the car door the officer smelled what he concluded to be PCP.  Initially Mr. Frye was arrested on a traffic violation but further investigation led to a search of the vehicle.  The search of the vehicle resulted in the recovery of a substantial quantity of PCP and approximately $12,395.00 dollars.

**ARGUMENT IN SUPPORT FOR A SENTENCE OF 37 MONTHS AND A RECOMMENDATION FOR THE 500 SUBSTANCE ABUSE PROGRAM**

Mr. Frye  is before the Court facing his second criminal conviction. Unlike many young men who appeared before the Court with significant criminal records, Mr. Frye is twenty eight years old and his record consists of a single misdemeanor conviction.  Regrettably, the instant conviction is extremely serious and it comes at a point in his life when he had found personal happiness with his expected marriage to Ms. Jashon Michaels.  Although Mr. Frye was not employed when he was arrested he does bring a history, albeit of intermittent, employment.  His work history includes modest types of employment demonstrating that he is willing to work for minimum wages.  Thus, there is a strong indication that he is not looking for government handouts.

Prior to the instant offense Mr. Frye had never been incarcerated for more than a couple of days. The recent experience of long term incarceration has been very sobering for Mr. Frye.  As the

Probation Officer noted in the PSR, Mr. Frye plans to marry Ms. Jashon Michaels. Knowing that Mr. Frye will be sentenced to a significant term of incarceration has been extremely painful for his fiancee, his mother, and children.

Mr. Frye never imagined or anticipated that at the age of twenty-eight he would experience long term incarceration. Since his arrest he has had enough time to conclude that incarceration has completely derailed his life. It has been a painful acknowledgment that he is going to be removed from his fiancee, his two daughters, Jamone Frye and Deja Frye, and his mother. Although, he was unable to consistently provide financially for his daughters, he has always been present in their lives and emotionally supported them. The impending geographic separation has been particularly upsetting to Mr. Frye. At a minimum the D.C. Jail allows for weekly visitations with his fiancee and mother. That will not be the case once he is transferred to a Federal Bureau of Prison Facility.

While his present situation is bleak, Mr. Frye has managed to remain hopeful about his future. Mr. Frye has a very pleasant, gentle and personable demeanor. Mr. Frye has never blamed his present situation on anyone. He acknowledges that he is responsible for his present predicament. Given the financial and personal struggles of his mother it is a credit to Mr. Frye that he managed to stay out of trouble throughout his juvenile and young adult life.

At this point Mr. Frye is determined to take advantage of the educational and vocational programs that are available in the Bureau of Prison. Mr. Frye is well aware that once he is released from prison he will be placed on a substantial period of Supervised Release. He understands that under supervision the Court will keep its authority to re-incarcerate him for any violation, regardless of the severity. Since the instant conviction represents the most serious transgression that Mr. Frye has committed after leading a generally crime free and productive life, a sentence of 37 months,

which is the low end of the applicable sentencing guideline, is a reasonable sentence which takes into account and adequately satisfies the statutory factors set forth in 18 U.S.C. § 3553(a).

**A. PURSUANT TO 18 U.S.C. § 3553(a), 28 U.S.C. § 991(b)(1)(B) AND THE PLEA AGREEMENT A SENTENCE OF THIRTY-SEVEN MONTHS OF INCARCERATION IS A REASONABLE AND APPROPRIATE SENTENCE**

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory sentencing guidelines as they were applied were unconstitutional. The Court further held that judges are required to "take account of the Guidelines together with other sentencing factors," and to "consider" the guidelines along with all the other required factors (emphasis added). Those factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and [] the need to avoid unwarranted sentencing disparities among similarly situated defendants. U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005) Moreover, Sentencing Courts have a continuing duty to "[w]eigh the purposes of sentencing listed in the Sentencing Reform Act." U.S. v. Jabber 362 F.Supp.2d 365, 369 (D. Mass. 2005).

Application of the advisory sentencing guidelines provides the court with flexibility in determining the appropriate sentence for Mr. Frye. Under the advisory sentencing regime the Court can take into account the particularized factors of Mr. Frye's life and not just the fact of his criminal conduct. This approach is consistent with the goals of 28 U.S.C § 991, the enabling statute of the Sentencing Commission, and 18 U.S.C. § 3553(a). 28 U.S.C. § 991(b)(1)(B) promotes the idea of a sentence that is not solely determined by a rigid formula in allowing Courts to "maint[ain] sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices."

18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Frye's history and nature and circumstance of the offense. The nature of the offense, 21 U.S.C. 841(a)(1), is a case of possession with intent to distribute phencyclidine. The charge is supported by the weight and packaging of the phencyclidine that was recovered from Mr. Frye's car. However, there is no evidence that before he was arrested on February 19, 2007 Mr. Frye was engaged in selling or transacting large amounts of illegal drugs. Certainly, Mr. Frye was not under police surveillance and he was not the target of an undercover operation.

Pursuant to 18 U.S.C. § 3553(a)(1)(2)(A) Mr. Frye's sentence must reflect the seriousness of the offense. There is no question that Mr. Frye violated the law and that the Court has to sanction his conduct. As it stands now Mr. Frye is facing a mandatory term of ten years of incarceration. However, the seriousness of the offense has to take into account and result in a sentence that "promote[s] respect for the Law and provide[s] just punishment." A guideline sentence of 37 months of incarceration that will be followed by a period of supervised release of five years is "just punishment."

It is unquestioned that Mr. Frye has throughout his juvenile and adult life generally conducted himself lawfully and has shown a commitment for lawful employment. The Pre-Sentence Investigation Report identifies a 2006 conviction for Simple Possession of a Controlled Substance. The PSR does not identify any juvenile adjudications or juvenile arrests or contacts with law enforcement or the Juvenile delinquency system. That Mr. Frye has led a generally responsible life is evidenced by the fact that he is eligible for a non mandatory sentence pursuant to the "Safety Valve" provision.

18 U.S.C. § 3553(a)(2)(D) directs the Court to consider Mr. Frye's sentence in light of the

educational or vocational training that will support his rehabilitation and education. Clearly, Mr. Frye will benefit significantly from the opportunities that will be available in the Bureau of Prison. Foremost, Mr. Frye stands to gain by participation in the 500 hundred hours substance abuse program. The substance abuse program should provide him with greater insight into the terrible consequences that drug use and drug dealing has had on his life, his family and on the community that has been subjected to his illegal business.

Finally, a sentence of 37 months is a reasonable sentence that falls within the applicable guideline range and which was contemplated and agreed to by the parties in the plea agreement. The plea agreement which was carefully worked out between the parties commits the governments to "recommend a sentence at the low end of the applicable guideline range of imprisonment." See Plea Agreement ¶ 7.

### **CONCLUSION**

Mr. Frye is a young man who can still change his life around. He wants to be a mature and supportive partner to Ms. Michaels who has supported him throughout his ordeal. Mr. Frye also wants to provide his daughter with the emotional and financial support that he never received from his father. Mr. Frye is prepared to maximize the opportunities available in the Bureau of Prison. For these reasons, undersigned counsel requests that the Court sentence Mr. Frye to a term of incarceration of thirty-seven months along with a recommendation for participation in the 500-hour substance abuse program.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500