UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) ) ) ) ) ) ) | Crim. No. 07-73(JDB) |
| v. | | |
| **JAMES FRYE** | | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

Defendant James Frye, through undersigned counsel, respectfully submits his Supplemental Memorandum in Aid of Sentencing.

**Defendant's Request to Clarify a Material Sentencing Issue**

Defendant James Frye will appear before the Court on Friday, July 20, 2007 for his Sentencing Hearing. Pursuant to the Court's sentencing scheduling order, the parties responded to the Probation Officer's Pre-Sentence Investigation Report (the "PSR") and submitted Sentencing Memorandums. Neither party identified a material error in the PSR.

Upon further review the parties have realized that the PSR contains a material error. The error is not attributable to Probation Officer Kelli Griffin Cave. The error is based on a discrepancy found in the indictment. The indictment contains and/or tracks the correct language regarding the drug that was recovered inside of Mr. Frye's car on February 19, 2007. However, the indictment cites the wrong subsection of 18 U.S.C. § 841(a)(1). The indictment incorrectly cites (b)(1)(A)(iv). The correct statutory subsection citation should be (B)(iv).

The incorrect citation does not affect or change the applicable guideline range based on Mr.

Frye's eligibility under the safety valve provision. However, the incorrect citation exposes Mr. Frye to a ten-year mandatory minimum sentence, a maximum sentence of life imprisonment and a four million-dollar fine. As the Court will see, both the parties and the Probation Officer have proceeded under this erroneous statutory application.

The correct statutory citation, based on the type of Phencyclidine that was recovered from Mr. Frye's vehicle, should be 21 U.S.C. § 841(a)(1) and (B)(iv). A violation of this statute exposes Mr. Frye to five year mandatory minimum, a maximum term of incarceration of forty years and a fine of two million dollars. Paragraph two of the Plea Agreement on page 2 contains the accurate terms of incarceration and fine provided by the correct subsection of 21 U.S.C. § 841(a)(1).

Undersigned counsel has been in contact with Assistant United States Attorney Timothy J. Kelly, and he agrees with the argument submitted on behalf of Mr. Frye. Mr. Kelly indicated that he would also file a pleading with the Court addressing the issues addressed herein.

Wherefore Undersigned Counsel submits his supplemental Sentencing Memorandum and requests that the Court upon consideration of the argument advanced approves the requested correction regarding the statute that Mr. Frye violated on February 19, 2007.

>Respectfully submitted,
>
>A.J. Kramer
>Federal Public Defender
>
>_____/s/_____
>Carlos J. Vanegas
>Assistant Federal Public Defender
>625 Indiana Ave., N.W., Suite 550
>Washington, D.C. 20004
>(202) 208-7500